***EFILED***
Case Number 2021L 001281
Date: 10/25/2021 12:00 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
COUNTY OF MADISON
STATE OF ILLINOIS

| | |
|---|---|
| DARRELL G. BLESSING, | ) |
| Plaintiff, | ) |
| v. | ) |
| MICHAEL A. RICHARDSON, Serve: 750 Grande Parke Dr. Saint Johns, FL 33259 | ) Case No. 2021L 001281 |
| and | ) JURY TRIAL DEMANDED |
| 1ST ELITE TRUCKING, INC. Serve: 750 Grande Parke Dr. Saint Johns, FL 33259 | ) |
| Defendants. | ) |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Darrell G. Blessing, by and through his attorney, Daniel J. Grimm, of the law firm Cook, Barkett, Ponder & Wolz, LC, and for his causes of action against the Defendants in his Petition for Damages, hereby states and alleges as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. At the time of the acts complained of herein and at all times mentioned, Plaintiff Darrell G. Blessing is and was a citizen and resident of the State of Missouri.

2. At the time of the acts complained of herein, Defendant Michael A. Richardson (hereinafter referred to as "Richardson") is and was a resident of the State of Florida.

1

Exhibit A

3. At the time of the acts complained of herein, Defendant Richardson was operating and otherwise in control of a motor vehicle owned by Defendant 1st Elite Trucking, Inc. and was on I-80 Eastbound in the County of LaSalle, State of Illinois, an open and public roadway.

4. At the time of the acts complained of herein, Defendant 1st Elite Trucking., Inc., is and was a Florida corporation, duly authorized and existing by virtue of law, licensed to do business in the State of Florida, and was engaged in the business of transporting goods.

5. At the time of the acts complained of herein and at all times mentioned, Defendant 1st Elite Trucking, Inc. was acting by and through its servants, employees and/or agents, actual or ostensible, including but not limited to persons such as Defendant Richardson.

6. At all times hereinafter mentioned, Defendant Richardson was acting within the course and scope of his employment and/or agency for Defendant 1st Elite Trucking, Inc.

## VENUE & JURISDICTION

7. Venue is proper in this Court in that all named Defendants herein are nonresidents of the State of Illinois and are based out of the State of Florida. See 735 ILCS 5/2-101.

8. Jurisdiction is proper in this Court as the negligent and otherwise tortious acts complained of occurred in the State of Illinois and the exercise of jurisdiction over the named Defendants would not offend due process and is based upon sufficient contacts with this State.

## FACTS OF THE OCCURRENCES

9. On or about the 23rd day of October, 2019, Defendant Richardson was driving a 1998 Freightliner eastbound in the right lane of I-80 in the County of LaSalle, State of Illinois.

10. Sometime before 6 a.m., Defendant Richardson stopped and/or significantly reduced the speed of his motor vehicle on I-80 eastbound when it was not safe to do so.

11. That same day, Plaintiff Darrell G. Blessing was likewise traveling eastbound in the right lane of I-80 and was behind Defendant Richardson at the times mentioned herein.

12. Plaintiff Darrell G. Blessing was unable to stop or make a successful evasive maneuver to avoid Defendant Richardson's motor vehicle and crashed into the rear of the Freightliner, causing both individuals' motor vehicles to leave the road south of the interstate.

13. In the process, the driver side diesel tank in Plaintiff Darrell G. Blessing's motor vehicle collided with the passenger side of Defendant Richardson's motor vehicle, causing the driver side diesel tank to explode and igniting a fire to both individuals' motor vehicles.

## COUNT I

COMES NOW Plaintiff Darrell G. Blessing, by and through counsel, and for Count I of his Petition against Defendant Richardson hereby states and alleges as follows:

14. Paragraphs 1-13 above are hereby incorporated by reference as if set forth herein.

15. The aforesaid collision and the resulting injuries and damages of Plaintiff Darrell G. Blessing were a direct and proximate result of the negligence, carelessness, and/or inadvertence of Defendant Richardson, in the following respects, to-wit:

    a. Defendant Richardson stopped and/or significantly reduced the speed of his motor vehicle on I-80 eastbound when it was not safe to do so;

    b. Defendant Richardson stopped and/or slowed in a lane for moving traffic;

    c. Defendant Richardson negligently failed to keep a careful lookout; and

    d. Defendant Richardson knew or reasonably could have known there was a reasonable likelihood of collision in time thereafter to have taken appropriate evasive maneuvers with his motor vehicle but negligently failed to do so.

16. As a direct and proximate result of the negligence of Defendant Richardson as aforesaid, Plaintiff, Darrell G. Blessing, suffered injury to his head, neck and back and said injuries are painful, permanent and progressive.

17. As a direct and proximate result of the injury to Plaintiff, Darrell G. Blessing, as aforesaid, was required to expend and incur medical expenses.

18. That because of his injuries, Plaintiff, Darrell G. Blessing, will more likely than not require future medical care and will thus incur future medical expenses.

19. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff missed significant time from work and missed additional time for his reasonable and necessary medical care, resulting in lost wages.

20. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff's ability to work in the future is limited and his ability to earn wages is diminished by the injuries he suffered in this crash.

21. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff has suffered and will suffer in the future emotional distress, loss of enjoyment of life, and pain and suffering as a result of the injuries and damages he suffered in this crash.

WHEREFORE, Plaintiff Darrell G. Blessing prays for judgment against Defendant Richardson and other Defendants, jointly and severally, in a just and reasonable amount in excess of Fifty Thousand Dollars ($50,000.00), pre and post judgment interest, together with his costs herein expended, and for such other relief that this Court deems just and proper.

## COUNT II

COMES NOW Plaintiff Darrell G. Blessing, by and through counsel, and for Count II of his Petition against Defendant 1st Elite Trucking hereby states and alleges as follows:

22. Paragraphs 1-17 above are hereby incorporated by reference as if set forth herein.

23. At the time of the acts complained of herein, Defendant 1st Elite Trucking., Inc., is and was a Florida corporation, duly authorized and existing by virtue of law, licensed to do business in the State of Florida, and was engaged in the business of transporting goods.

24. At the time of the acts complained of herein and at all times mentioned, Defendant 1st Elite Trucking, Inc. was acting by and through its servants, employees and/or agents, actual or ostensible, including but not limited to persons such as Defendant Richardson.

25. The aforesaid collision and the resulting injuries and damages of Plaintiff Darrell G. Blessing were a direct and proximate result of the negligence, carelessness, and/or inadvertence of Defendant 1st Elite Trucking, Inc., by and through its agents, servants, and/or employees including Defendant Richardson, in the following respects, to-wit:

    a. Defendant completely stopped and/or significantly reduced the speed of the motor vehicle on I-80 eastbound when it was not safe to do so;

    b. Defendant stopped and/or slowed in a lane for moving traffic;

    c. Defendant negligently failed to keep a careful lookout; and

    d. Defendant knew or reasonably could have known that there was a reasonable likelihood of collision in time thereafter to have taken appropriate evasive maneuvers with his motor vehicle but negligently failed to do so.

26. As a direct and proximate result of the negligence of Defendant Richardson as aforesaid, Plaintiff, Darrell G. Blessing, suffered injury to his head, neck and back and said injuries are painful, permanent and progressive.

27. As a direct and proximate result of the injury to Plaintiff, Darrell G. Blessing, as aforesaid, was required to expend and incur medical expenses.

28.     That because of his injuries, Plaintiff, Darrell G. Blessing, will more likely than not require future medical care and will thus incur future medical expenses.

29.     As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff missed significant time from work and missed additional time for his reasonable and necessary medical care, resulting in lost wages.

30.     As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff's ability to work in the future is limited and his ability to earn wages is diminished by the injuries he suffered in this crash.

31.     As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff has suffered and will suffer in the future emotional distress, loss of enjoyment of life, and pain and suffering as a result of the injuries and damages he suffered in this crash.

WHEREFORE, Plaintiff Darrell G. Blessing prays for judgment against Defendant 1st Elite Trucking, Inc. and other Defendants, jointly and severally, in a just and reasonable amount in excess of Fifty Thousand Dollars ($50,000.00), pre and post judgment interest, together with his costs herein expended, and for such other relief that this Court deems just and proper.

Respectfully submitted,

**COOK, BARKETT, PONDER & WOLZ, L.C.**

By    /s/ Daniel J. Grimm
DANIEL J. GRIMM, #6289627
1610 N. Kingshighway, Ste. 201, P. O. Box 1180
Cape Girardeau, MO  63702-1180
Telephone:  (573) 335-6651
Facsimile:  (573) 335-6182
Email:  dgrimm@cbpw-law.com
***Attorney for Plaintiff***